WILLIAM BROWN *vs.* WILLIAM S. BARTLETT.

A debtor who, after being arrested on execution, and being refused the poor debtors' oath, is "conveyed to jail by the officer," under *St.* 1855, *c.* 444, § 7, to "be there kept," is entitled to give bond for the liberty of the prison limits.

PETITION for a writ of *habeas corpus* in behalf of a debtor who was arrested on execution from the justices' court of the county of Suffolk for more than twenty dollars, after affidavit and proof, duly certified, pursuant to *St.* 1855, *c.* 444, § 3, of the creditor's belief and reason to believe that the debtor had property, not exempt from being taken on execution, which he did not intend to apply to the payment of the plaintiff's claim; and carried before a master in chancery, who, after examination, refused to admit him to the poor debtors' oath, and indorsed a certificate thereof on the execution; whereupon the debtor was committed to jail, and kept there since in close confinement, notwithstanding he offered to the jailer a bond for the liberty of the prison limits, with sufficient surety, approved by a commissioner of insolvency. The question was, whether the jailer should have accepted the bond. The court ordered the writ to issue.

*J. A. Andrew*, for the petitioner.

The judgment creditor appeared in person.

BY THE COURT. This question depends entirely on the construction of the *St.* of 1855, *c.* 444, entitled "an act to abolish imprisonment for debt, and to punish fraudulent debtors." By

39*

§ 1 of that statute, " imprisonment for debt is forever abolished in Massachusetts." By § 2, " wilful and intentional neglect to apply property, not exempt from attachment or execution, to the payment of a debt, shall be considered as a fraud, and shall be punished as hereinafter provided."

After a debtor has been duly arrested for such a fraud, under § 3, and carried before a magistrate, pursuant to § 4, in order to give him an opportunity to take the poor debtors' oath, § 7 provides as follows : " If the oath be refused, a certificate thereof shall be indorsed on the execution, and the debtor shall be conveyed to jail by the officer, and be there kept until the execution shall be satisfied, or until he shall be released by the creditor, or until he shall have given notice in the manner now provided by law, and shall have taken the oath for the relief of poor debtors. And all the proceedings in such case shall be the same as now provided for by law, except that they shall be conducted before one of the magistrates named in the third section of this act, instead of being before the justices now having cognizance of such cases."

This section thus refers to previous laws as constituting a part of the system established by the act of 1855. That act, being a statute favorable to liberty, is to receive a favorable construction. What are the meaning of the words " the debtor shall be conveyed to *jail* by the officer, and be *there* kept" ? " Jail " is not merely the walls of the prison, but includes the jail limits, which are treated as part of the jail in all the statutes upon the subject. *Davis* v. *Putnam, ante,* 326. By § 16 of *St.* 1855, *c.* 444, only " all acts or parts of acts inconsistent with this act are repealed." And the laws providing for the giving of bond for the prison limits are not inconsistent. The effect of the provision in question is, that the debtor is to be committed to close custody, until and unless he give bond ; but if he give bond, then he is to be released from close custody, and suffered to go at large within the prison limits.

*Ordered accordingly.*